UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:11-CR-00121-TBR

MICHAEL R. GRINDLES                                                                 Movant,

v.

UNITED STATES OF AMERICA                                       Respondent.

## **MEMORANDUM OPINION**

This matter comes before the Court upon the Supplemental Findings of Fact, Conclusions of Law, and Recommendation submitted by United States Magistrate Judge Dave Whalin. (Docket No. 68.) Movant Michael R. Grindles has objected to the Magistrate Judge's recommendation. (Docket No. 69.) No response was filed. These matters are now ripe for adjudication. The Court now OVERRULES Grindles' Objection and ADOPTS the Magistrate's Recommendation.

### **Background**

This case arises from Grindles' 2012 guilty plea for using a facility of interstate commerce to entice a minor to engage in sexual activity and to knowingly possessing child pornography transported in interstate commerce. Grindles, a federal prisoner, originally filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Docket No. 41.) The Court referred the matter to the Magistrate Judge for Findings of Fact, Conclusions of Law, and Recommendation. The Magistrate Judge's decision recommended that the United States' Motion to Dismiss be dismissed without prejudice in order to afford the Government the opportunity to address Grindles' claims of ineffective assistance of counsel regarding the validity of his plea agreement. On February 20, 2014, the Court adopted the Findings of Fact and Conclusions of Law as set forth in the Magistrate Report and denied the United States' Motion to Dismiss. (Docket No. 60.)

1

Grindles then submitted a Motion for Clarification of the Court's Order, requesting that the Court clarify the "next step" in this proceeding. (Docket No. 61.) The Court granted Grindles' Motion and instructed the United States to file a Renewed Motion to Dismiss to include consideration of Grindles' claims of ineffective assistance of counsel related to the validity of his plea agreement and its waiver provision. (Docket No. 62.) The United States filed such a Motion, (Docket No. 63), Grindles responded, (Docket No. 64), and the United States replied, (Docket No. 66).

**Analysis**

Grindles maintains that his attorney's failure to file a motion to suppress constituted deficient performance pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). Specifically, he contends that Louisville Metro Police Department ("LMPD") officers knowingly induced him to become intoxicated by providing him with a soda bottle that they knew to contain vodka. Grindles argues that this alleged exchange both invalidates his consensual production of a cell phone and taints the issuance of the search warrant that led to the discovery of other cell phones in his apartment. Grindles further argues that his attorney failed to make a *Brady* motion to address the spoliation of the soda bottle that contained the alcohol allegedly given to him by the police. In Grindles' telling, had counsel filed such a motion to suppress, it would have been successful, and he would never have entered a guilty plea. After review of the entire record and the Magistrate Judge's conclusions, the Court cannot agree.

As the Magistrate Judge noted, a motion to suppress based upon Grindles' intoxication during his post-arrest interview would not significantly strengthen his defense. The Court notes that although Grindles may have appeared to be intoxicated at the time of the interview, no evidence beyond Grindles' own substantiated assertions points to the fact that the soda bottle given to him by police contained alcohol. Grindles argues that the detectives were aware of the alcohol in the bottle and intended for Grindles to drink it. Significantly, however, Grindles himself first mentioned alcohol during his recorded conversations with the undercover detective and even stated that if he were being set up by law

enforcement, he would prefer to be intoxicated. Grindles does not dispute that he obtained the vodka at issue. Assuming that Grindles was intoxicated at the time of the interview, however, his counsel would have had reasonable reservation in attempting to argue that the police elicited this intoxication.

Regardless, assuming that Grindles was indeed intoxicated during his interrogation, such intoxication does not automatically render the interrogation coerced or unlawful so long as he was not so impaired or incapacitated as to prevent him from participating. *See, e.g.*, *United States v. Perry*, 703 F.3d 906, 909 (6th Cir. 2013) (finding that intoxication does not necessarily render consent involuntary); *United States v. Montgomery*, 621 F.3d 568, 572 (6th Cir. 2010) (upholding the district court's ruling that the defendant's consent was voluntary although he had been administered morphine). In the Court's viewing of the videotaped interrogation, Grindles spoke coherently, engaged with the officers, and did not appear so impaired as to render his consent involuntary. Accordingly, Grindles' counsel cannot be said to have performed deficiently in failing to file a motion to suppress on this basis.

Furthermore, the Government did not obtain the incriminating evidence against Grindles as a result of his post-arrest interrogation. Instead, LMPD officers obtained a search warrant issued by the Jefferson District Court on August 17, 2011, authorizing them to search for electronic devices located inside his residence. Police seized a number of cell phones upon executing the warrant. Significantly, the facts set forth in the affidavit accompanying the search warrant gave rise to probable cause to believe that evidence of a crime existed at the residence. These events were also reflected in the criminal complaint. Neither mentioned any statement made by Grindles during the interview. The black and silver Cricket flip phone of which Grindles complains was not a basis upon which to obtain the warrant, but instead was among the objects at which the search warrant was directed. Therefore, the interrogation did not result in the Government obtaining any material information resulting in the issuance of the search warrant.

In his most recent filing, (Docket No. 70), Grindles directs the Court to *United States v. Flintroy*, 2014 WL 3057088 (W.D. Ky. July 7, 2014), wherein this Court determined that a defendant's statements

were inadmissible when made in direct response to the exploitation of an illegal search of his home. *Flintroy*'s logic, of course, is clear: "The deterrent effect of suppressing items illegally seized in a home would be ill served if police could circumvent the rule by simply introducing statements concerning that evidence and how it came into a defendant's possession." *Id.* at *10. However, *Flintroy* is inapposite to Grindles' case: unlike the *Flintroy* defendant, Grindles was not confronted with evidence unlawfully obtained by the police. Instead, as explained above, the cell phones seized at Grindles' apartment were legally obtained pursuant to a valid search warrant.

Moreover, Grindles argues that in his allegedly intoxicated state, he involuntarily surrendered the cell phone on his person. Even assuming that Grindles' argument is sound, the Cricket cell phone did not lead to the issuance of the search warrant itself; to the contrary, it is listed among the personal property to be seized during the search warrant's execution. The affidavit accompanying the search warrant clearly indicates that the search warrant was based on probable cause established by Grindles' pre-arrest conduct—namely, the sexually explicit text messages that he directed to a fourteen year-old victim. Because no evidence resulted from an unconstitutional search or seizure, the "fruit of the poisonous tree" doctrine upon which Grindles relies does not apply.

Next, Grindles argues that his counsel should have attempted to retain the soda bottle that Grindles was provided with during his post-arrest interrogation. According to Grindles, the bottle is exculpatory evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). The Magistrate posited that the bottle was in no way "exculpatory," as it was not material to Grindles' guilt or innocence. If the bottle proved anything, the Magistrate reasoned, it demonstrated that Grindles had been drinking at the time of his interrogation—but Grindles' intoxication did not affect his criminal conduct, nor did the interrogation lead to probative evidence. Therefore, because no *Brady* violation occurred, Grindles' counsel was not deficient for failing to file such a motion.

Based on the foregoing, Grindles has not proven that his counsel's representation was so deficient as to render the proceeding unjust. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). The facts above demonstrate that his counsel's performance was not objectively unreasonable. For these reasons, and those further outlined in the Magistrate Judge's Recommendation, Grindles has failed to make a substantial showing of the denial of his Sixth Amendment right to effective assistance of counsel.

Although Grindles has requested an evidentiary hearing on this issue, under Rule 8 of the Rules Governing Section 2255 Proceedings, a hearing is not required where the record conclusively shows that the petitioner is entitled to no relief. *See, e.g.*, *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). After full consideration, the Court holds that a hearing is not warranted here, as the record conclusively demonstrates that Grindles is not entitled to relief on this issue.

## Conclusion

For the above reasons, the Court ADOPTS the Magistrate's Report and Recommendation in whole, OVERRULES Grindles' Objections, and DENIES Grindles a certificate of appealability. Further, Grindles' request for an evidentiary hearing is DENIED. An appropriate Order shall issue concurrently with this Memorandum Opinion.